# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | Cause No. CR-12-40-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER DENYING** |
| ) | **MOTION TO SEVER** |
| **OLIVER LEE WHITE,** ) | |
| **PEGGY J. WHITE WELL KNOWN** ) | |
| **BUFFALO, SUSAN V. KELLY,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants White Well Known Buffalo and Kelly have moved to sever their case from Oliver White. White Well Known Buffalo and Kelly are charged in Count VII of a seven count indictment with misprision of a felony. The misprision charge specifically references the felony alleged in Count VI, attempted abusive sexual contact, against co-defendant Oliver Lee White. The remainder of the Indictment, Counts I-V, allege crimes of abusive sexual contact and attempted abusive sexual contact against Oliver White.

## BACKGROUND

Co-Defendant Oliver White is charged with four counts of abusive sexual contact, sexual contact, and two counts of attempted abusive sexual contact. The

-1-

time frame for this case is 2007 (Count I), 2008 and 2009 (Counts II, III, IV, and V), and 2011 (Count VI). The government alleges the proof will show White was previously indicted, in May 2009, for Counts II-V. Because of concerns about White's competence, the case was resolved without a trial, with an informal deferral agreement that was signed by White, and the other co-defendants, White Well Known Buffalo and Kelly. The agreement was for a two year period – December 2009 through December 2011. Before expiration of the agreement, the conduct alleged in Count VI allegedly occurred (June 20, 2011), and then the actions of White Well Known Buffalo and Kelly, after being advised about White's alleged attempted sexual abuse of the victim in Count VI, gave rise to Count VII.

Furthermore, during the course of the investigation into Count VI, in the fall of 2011, the alleged victim in Count I disclosed for the first time that White had sexually abused her. Law enforcement and the United States were unaware of the crime alleged in Count I at the time of the first indictment in 2009.

Law enforcement did not learn about the crime alleged in Count VI until August 2011, because of the alleged misprision committed by White Well Known Buffalo and Kelly.

# ANALYSIS

Federal Rule of Criminal Procedure 8(b) provides that multiple defendants maybe be charged in a single indictment if they are alleged to have participated in the same criminal acts or offenses. Rule 14, F.R.Crim.P. permits the court to sever the trial: "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Co-defendants jointly charged are, prima facie, to be jointly tried. *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991). The presumption in favor of joint trial "expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens to sacrifice time and money to serve on juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977).

Federal courts prefer the joint trial of defendants indicted together. *Zafiro*, 506 U.S. at 537. This policy conserves judicial resources and works to "avoid the scandal and inequity of inconsistent verdicts." *Id.* Given these concerns, joinder of defendants for trial is "particularly appropriate" when the defendants are

charged in a conspiracy count, *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997), abrogated on other grounds, *United States v. Jimenez Recio*, 123 S.Ct. 819 (2003), or when the evidence of the charged offenses overlaps substantially, *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995).

In determining whether two or more offenses are part of the same series of acts or transactions, the Ninth Circuit "looks for a 'logical relationship' between offenses." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999). A logical relationship is established by the existence of a "common plan, scheme, or conspiracy," or where "the common activity constitutes a substantial portion of the proof of the joined charges." *Id*. at 975-76.

Since some prejudice is inherent in any joinder of defendants, if only "some" prejudice is all that need be shown, few, if any, multiple defendant trials could be held. *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987). Moreover, "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

The government intends to present evidence related to the alleged misprision that White Well Known Buffalo and White were involved with the deferral agreement associated with Counts II-V. Count VI cannot be severed from

the course of conduct explained by Counts II-V and the deferral agreement. And Count VII cannot be severed from Count VI because of the elements of misprision. The only count not related to the deferral agreement is Count I, which is properly joined with Counts II-VI, because the facts underlying Count I are "common activity" when compared to the conduct underlying Counts II-VI. It would not make sense in terms of trial convenience and efficiency to sever Count I, especially because any prejudice to White Well Known Buffalo would be minimal and the Court can cure any potential prejudice with jury instructions.

The four elements to the crime of misprision of a felony are: the principal, in this case Oliver White, must have committed and completed the underlying felony, in this case, the attempted sexual abuse of the victim in Count VI. Second, White Well Known Buffalo and Kelly must have had full knowledge of such commission. Third, White Well Known Buffalo and Kelly must have failed to notify the authorities. Fourth, White Well Known Buffalo and Kelly must have taken "an affirmative step to conceal the crime." *See United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir. 1984).

Joinder of Counts VI and VII are appropriate because the first element of Count VII will be the same proof presented to prove Count VI. Trial efficiency and convenience demand that Counts VI and VII be tried together.

Denying the motion to sever will serve the purpose of expediting the administration of justice, reduce this Court's congestion of trial dockets, conserve judicial time, lessens the burden upon citizens to sacrifice time and money to serve on juries, and avoids the necessity of recalling witnesses. The Court is particularly concerned about the necessity of recalling underage victims in multiple sex offense cases.

Any prejudice to White Well Known Buffalo and Kelly can certainly be cured with appropriate jury instructions. The parties are directed to propose appropriate jury instructions with this issue in mind at the time of trial to remedy any prejudice.

Defendant's Motion to Sever [*doc. 29*] is **DENIED**.

DATED this 24th day of July, 2012.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE